Peck, J.
delivered the opinion of the Court.
It appears by the case agreed, that a grant issued to Stockley Donelson for 60,000 acres of land, the boundaries of which are, beginning at some sycamores and a beech marked, &c. standing on the bank of Cumbérland River, where the Virginia line crosses the same, running thence east 1,500 poles to a stake on the Virginia line, then south 4,100 poles to a stake, then west to-the bank of Cumberland River, and up the various meanders of said river to the beginning; also another grant to John Sevier for 25,060 acres, joining a survey of S. Donelson, beginning at a hickory, the northeast corner of said survey, running with the Virginia line east 2,000 poles to a stake on the said line, then due south 4,100 poles to a stake, thence to the beginning; also one other grant for 82,000 acres, on the waters of Cumberland, adjoining his former survey of 25,060 acres, beginning at some marked trees on the southeast corner of the last-mentioned survey,then with said survey north 1,025 chains to the northeast corner of said survey, thence east 1*025 chains to a poplar and oak, then south 820 chains to a stake, thence to the beginning.
It is admitted that the State line where it has been run by Walker and others, west of Cumberland River, was run at a variation of six and a half "degrees; and that to run east along the Kentucky and Tennessee line, so far as the same has been understood and acted upon, between the citizens of the respective States, has been marked with the same variation; it is furthermore agreed that if in running out the calls of the 32,000 acre tract the plaintiff is entitled, when he gets from the beginning to the northeast corner of his 32,000 acre grant, to run off at right angles with the variation of six and a half degrees, the defendant is included in the plaintiff’s bounds; but if it be law that the plaintiff is not entitled to run from the said corner at a variation of six and a half degrees, *116 the defendant is not within the bounds; and if the Court should he of opinion that the line from the said corner east, should be run with a variation as above, then judgment shall be rendered in favor of the plaintiff, but if to be run without such variation, then judgment to be given for the defendant.
From this case agreed, we have a line given, which, at this day, exhibits a variation of six and a half degrees from what the needle pointed when the survey was made, supposing the surveyor to have done his duty; which is a legal inference.
The object of courts should be to give the land originally surveyed, where it can be done. In this, grant the line of the State is not called for, though the course in the grant is east, and the State line, as fixed due east and west, differs from the magnetic needle six and a half degrees, being a variation the same as that found upon the first line ; the fact being admitted by mathematicians, that the needle does vary, and that this variation differs in different places ; the great difficulty is to apply rules which shall operate uniformly, and as perhaps no mathematical rule can be made to apply in this country where surveys were originally made, governed by the needle and not the true meridian ; such legal construction should be given in all cases as, if possible, will give the land first surveyed. Then, by the first line having ascertained the variation to be six and a half degrees, it follows, irresistibly, that the same variation should be allowed on the second, to trace where the surveyor had run when the survey on which the grant is founded was made.
This construction is aided by our acts of Assembly, which contemplate that surveys shall be made in a square or oblong. If we suppose that at the time of the survey the surveyor conformed to these requisites, then, at the point from which the line in question proceeds, he must have set out at right angles to have produced his square or oblong, and that at the time, the east as exhibited by his compass, was what, at this day, is found to vary six and a half degrees from it, and coinciding with the line of the State.
This opinion establishing the line which includes the defendant, judgment must be for the plaintiff.