Haywood, J.
delivered the opinion of the Court.
A mandamus issued from the Circuit Court for the county of Hardin to the justices of the Court of Pleas and Quarter Sessions for the same county, stating the appointment of James Hardin as the clerk of the court in January term, 1820, and his acting in that office till Wednesday of the January term of that Court,41822, on which day the justices removed him and appointed another pro tempore, and the next Saturday reinstated him, when he again acted in said office; that in April next following the Court determined the said order for restitution to be null and void, and again removed him. The writ commands them to restore him, or show cause to the contrary. They ordered Sweeny, their clerk, to return as *234 follows, viz.: That at January terra, 1822, being the first session of the Court after the first day of January, 1822, on Tuesday of that term, a majority of the justices called upon the said James Hardin, being then personally present, to produce to the said Court the receipt of the treasurer of West Tennessee, of his having rendered an account of and the payment of the moneys by him collected for the use of the State for the year 1821, and they aver that he had collected moneys before January, 1822, for the use of the State for taxes on lawsuits, and perhaps others, but to what amount they are unable to say, which were then unpaid, as he openly acknowledged in court during said term, when called on to produce receipts as aforesaid. They also called upon him for the receipt of said treasurer for having rendered to him an account of the taxes for which the sheriff was chargeable for the year 1821, and they aver that the sheriff had collected taxes for the year 1821 which were then due to the State, and that lie failed to produce such receipt, and openly acknowledged that he had them not. Wherefore the said justices proceeded to examine the said matters, and continued to examine them until Wednesday of said term, setting apart each day as a day for the hearing of county business, and on the said last-mentioned day said Court removed said Hardin, and pronounced him ineligible to said office for ten years, from which he prayed an appeal, which was recorded; all which proceedings were recorded in the minutes of said term of said Court; but said Hardin kept and still keeps the said records. The residue of said term should have been set apart for the transaction of civil business, no other or further day being set apart or made known as a day for transacting county business; and that at a late hour of Saturday, the last day of said January term, the said Hardin produced an affidavit made by himself to said County Court, stating that he had sent on the moneys due to the treasury of the State, and would get the proper officer’s receipt, as directed by law, by the next term; whereupon five justices, a majority being present,
made an order purporting to reinstate said Hardin in his office of clerk as aforesaid, and to give or allow him until the next term, which was April term, 1822, to produce said receipts to said Court; and at said April term, 1822, of said County Court, the justices of said Court assembled on Monday, declared the order of Saturday of January term, 1822, purporting to reinstate said Hardin in the office of clerk as aforesaid, null and void, as we at present conceive it to be, and removed again the said Hardin from the said office of clerk, provided he had been legally reinstated; and on Tuesday — having advertised the same on Monday — elected Alexander M. Sweeny to the said office of clerk, who gave bond, &c. and took the oaths,. &c. who now remains our acknowledged clerk, and they refer to and annex a copy of the record of April term, 1822, marked A, wherefore they cannot admit, &c.
*235 This copy stated that in April term, 1822, the justices proceeded to the consideration of the business of their clerk, wherefore there was an order of the last term of this Court that James Hardin should he reinstated, &c. when the Court had declared his office vacant; it is therefore considered by the Court that he was ineligible and unlawfully restored, &c. and ordered Sweeny, who was elected clerk pro tempore at the last term, to take his office aforesaid, and on Tuesday morning the Court demanded the records of Hardin, which he refused to deliver; and on Tuesday of this term the record was as follows: “ The office of clerk of this court having been declared vacant, the Court proceeded to elect,” &c.
One question made by this record is, whether an appeal was not the proper remedy, and therefore the mandamus improper; but upon the foundation of various precedents in this Court, we must say that the mandamus is a proper remedy for the complaint stated.
Another question made by it is, whether could the judgment of removal be legally rendered on Wednesday of January term, 1822? We think that the meaning of the Act of 1817, ch. 132, § 6, is not to give time during the whole of the term, but that the clerk-must be ready when called on in that term, and that the proper time for him to be called on is the day or days assigned for transacting the county business; and we think also that there needs not any conviction of his delinquency upon an indictment. For his failure to produce the receipts, being of record, cannot be contradicted by verdict nor made more manifest by it. And further, the order for reinstating the removed clerk being made in the same term, whether erroneous or otherwise, superseded the former of Wednesday, and could not be annulled by the order of the same Court at a subsequent term, but that Court, in April, had power to remove for failures in January,' the clerk having not yet been removed, as he was liable to be, by the Act of 1817, ch. 132, § 6. And that on Tuesday of April term, 1822, the office of clerk having been declared vacant on the preceding Monday, the Court might legally proceed to elect a clerk. ■ The record is informal, but substantially it appears that in April term the Court declared this office to be vacant, because of the failures of the incumbent clerk to produce the requisite receipts, which it was his duty to have produced in January term, 1822, and then the only question is whether the removal was warranted by the causes alleged. And of this there can be no doubt, being within the express words of the Act of 1817, ch. 132, § 6.
The result of the whole proceedings is the removal from office of the incumbent clerk, which the Act aforesaid has authorized and required, and although the proceedings in April term may not have been in as perfect form as they might have been, yet since they have finally done that which the Court ought to have done, a peremptory mandamus cannot be issued; and moreover, they being proceedings in a County Court, are made good and of *236 effect by the Act of 1786, ch. 14, § 8, there being substance enough in the record to warrant the ultimate conclusion and resolution of the Court.
The judgment of the Circuit Court must be reversed, and that of the County Court affirmed.