Totten, J.,
delivered the opinion of the court.
This is a motion against the clerk of the circuit court of Coffee. At January Term, 1853, of said court, the attorney general moved the court that the clerk thereof produce his proper receipts for the county and State revenue by him collected, as clerk, during the revenue year that ended the first of September last. The court ordered the same to be produced, and the clerk failing to produce said receipts, or to account in any legal manner for their non-production, if indeed, there be any legal excuse in such case; the court thereon removed the said clerk from his office, and appointed "William Blanton clerk, pro tempore, of said court, and duly inducted him into said office.
Erom the judgment and proceeding of the court in this behalf, removing the said Eagsdale, and appointing *418 the said Blanton to take bis office, tlie said Kagsdale prayed an appeal, in tbe nature of a writ of error, wliicli was granted to Mm; be baying entered into bond with sureties, payable to tbe State, with tbe usual conditions to prosecute tbe appeal. Tbe court tbereon ordered that tbe appointment of Blanton, as clerk of said court, be suspended, and that it abide sucb judgment as this court may give in tbe premises.
The counsel for tbe clerk insists that tbe judgment of reversal is erroneous, because it does not assume and state tbe facts necessary to a valid judgment in sucb case.
On tbe contrary, tbe Attorney General for tbe State •contends that the judgment is valid; and, second, that tbe appeal i/n &>'ror, is not tbe proper mode of bringing the case in review before this court.
Tbe action of tbe court, in a case like this, is author-ised and made a peremptory duty by tbe acts of 1835, ch. 55, and 1842, ch. 14Y.
But as tbe proceeding is summary and highly penal in its nature, it is a well settled doctrine of tbe court, that tbe judgment must assume in itself, tbe existence of a state of facts, which render it legal and proper, in view of tbe statute, to remove tbe clerk from office. They are few and simple. It must appear that be was clerk of tbe court, during tbe year, or the term for which it is alleged that be is in default. Second, that it was moved before tbe court that be produce bis revenue receipts, as directed by said statutes, and as was done in tbe present case, and failed to produce tbe same. From these premises, a judgment that tbe clerk has forfeited bis office, and that be be removed therefrom, is a proper and legal conclusion. In tbe present case, it is not stated or assumed in tbe judgment, that *419 said Ragsdale was clerk of said court for tbe revenue year ending tbe first of September last, that, being tbe period for wliicb be was required to produce bis revenue receipts. Eor tbis omission tbe judgment is defective and erroneous. If be were tbe clerk during the period referred to or for a part thereof, be was not liable to produce tbe revenue receipts, which were demanded of him, and their non-production was no forfeiture of bis office. If we could look out of tbe judgment, as we cannot, there is nothing in tbe record showing tbe date of bis appointment. It is only said that be was absent in the south, and that. a deputy was performing tbe duties of bis office. Tbis, however, is immaterial to tbe legal question before stated. The judgment in a summary proceeding, as tbis is, must be perfect in itself, and cannot be aided by extrinsic proof. Tbe same doctrine was. held in Garner vs. Carroll, 1 Yer. Rep., 366, which was a motion against a clerk.
In reference to tbe question of practice, we are of opinion that tbe appeal in tbe nature of a writ of error, will not lie in a case like tbis. Tbe writ of error is tbe proper practice. Tbe act of 1811, ch. 72, § 11, provides that “ when either party in any suit, which may be depending in' any of tbe circuit courts, shall be dissatisfied with tbe judgment of such cqurt, or shall be of opinion that there is error in tbe record of the proceedings in such suit,” be may pray an appeal in tbe nature of a writ of error, to the supreme court. In Thomason vs. Kercheval, 10 Humph. Rep., 324, it was held, that “the appeal in tbe nature of a writ of error, given by our acts of 1811, ch. 12, § 11, and 1813, ch. 78, § 2, is intended to operate as a writ of error and supersedeas, at common law would do. *420 The appeal in error suspends the judgment of the.circuit court, but does not abrogate that judgment, until a judgment be pronounced in the supreme court.” This we consider a true exposition of the law on this subject.
But we think that the action and order of the court, removing its clerk for any legal cause, and appointing another in his stead, cannot be considered a sudi and judgment, in the sense of the statute giving the appeal in error. It is more in the nature of a proceeding in contempt, from which no appeal will lie. The power of a court to remove its clerk for legal and sufficient cause, of which, in the first instance, it is to be the judge, is to be considered as absolute and peremptory. It is indispensable to the proper and efficient administration of the business -of the court. If the court err, in the exercise of this inherent and necessary power, the clerk is not without remedy. He is entitled to a mandamus to be restored to his office, or to a writ of error, to cause the proceedings to be revised and reversed, if erroneous. The writ of error will lie at the common law, independent of the statute, to revise the proceeding; it being the final order and judgment of a court of record, proceeding according to the course of the common law. If the appeal in error were allowed, it would have the effect to suspend the judgment of removal, and continue the clerk in office, pending the appeal. He may have been removed as a public defaulter, or for other odious and flagrant cause that would render it still more inconvenient and prejudicial to the public interest, that he be continued in office; yet, if the appeal will lie, he may, at his own option, suspend the judgment, and continue in office until the appeal in error be determined, and the court be powerless to rid itself of the incumbrance. Such a *421 practice cannot bo tolerated, unless it were expressly declared by statute. Tbe appeal in error will lie only where it is given by the statute; and we are satisfied, as before stated, that a case like this is not within either the letter or intendment of the statutes which give the appeal in error.
The order and judgment of the court, removing its clerk, are absolute and effectual. The office becomes thereby vacated, and it is competent for the courts to fill it by a pro t&mpore appointment, as directed by the statute.
It results, from this view of the case, that the appeal in error was improperly allowed, and that it confers upon this court no jurisdiction of the cause. It will therefore, as an appeal in error, be dismissed from the docket. But the party is -entitled, as a matter of right, to his writ of error to reverse the erroneous judgment.
Let the appeal in error bp dismissed.