GEORGE F. AKERS *v.* ALBERT AKERS.

I. JUDGMENT FOR LIBEL. *Merging of the tort. It becomes a debt.* Recovery of a judgment for libel, merges the tort which is the foundation of the action in the judgment, and it thus becomes a debt.

2. APPEAL IN NATURE OF A WRIT OF ERROR. *Effect of.* An appeal, in the nature of a writ of error, from the circuit court suspends, but does not vacate, the judgment below.

3. REVIVOR. *Against whom it may be had.* A revivor may be had against the personal representative of a deceased person against whom a judgment for libel has been recovered.

4. JUDGMENT FOR LIBEL. *Reversal of. Effect upon the nature of the demand. Death of wrong-doer.* A reversal of a judgment for libel restores the demand to its original character, and the death of the wrong-doer abates the suit as though no judgment had been obtained.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson county. FRANK T. REID, J.

SMITH & ALLISON for George F. Akers.

E. I. GOLLADAY, JOHN V. WRIGHT and SAMUEL WATSON for Albert Akers.

COOKE, J., delivered the opinion of the court.

The defendant in error, Albert Akers, recovered a judgment in the circuit court in an action for libel, against George F. Akers, who appealed in error to this court. Pending the appeal the plaintiff in error, George F. Akers, died. *Sci. fa.* has been issued and

served upon his personal representative, requiring him to show cause why the case should not be revived against him.    To this the personal representative has pleaded that the action against his testator was for libel, which was a wrong, affecting the character of the plaintiff below, and consequently there can be no revivor against him as the personal representative of the decedent.

To this plea there is a demurrer, the cause assigned being that the tort, which was the original foundation of the action, was merged in the judgment of the circuit court and thus became a debt, and the appeal in the nature of a writ of error, only had the effect to suspend, but did not vacate the judgment below.

The question thus raised is whether or not, in the present attitude of the case, there can be a revivor against the personal representative of the deceased party against whom the judgment was recovered below, or whether the cause or the appeal must abate?

That this was a personal action, which by the rule of the common law, died with the person, and that it is expressly excepted out of the provisions of section 2846 of the Code, is not questioned, and the only question is, has the character of the demand been so changed by the recovery of the judgment in the circuit court, as to take it out of the common law rule above cited?

This rule applied to all torts or personal actions, until modified by the provision of the section of the Code above cited, which confined it to actions for wrongs affecting the *character* of the plaintiff.    In the case

Akers *v.* Akers.

of *Kimbrough* v. *Mitchell*, 1 Head, 540, which was a
personal action for an assault and battery, and which,
under the rule above referred to, also died with the
person, the plaintiff had, as in this case, recovered a
judgment against the defendant in the circuit court,
the defendant had appealed, and, pending the appeal in
this court, had died, and an application to revive
against his personal representative was resisted upon
the identical grounds here taken, and it was held that
in the attitude of the case, as then presented, the
principle was not applicable, and the revivor was al-
lowed.    Judge McKinney, delivering the opinion of
the court, said : " By the recovery in the lifetime of
the injured party, the claim for damages was merged
in the judgment, and became a debt, with which the
personal representative was chargeable.    The demand
being thus impressed with the character of a debt, it
is clear that it is not only the right, but likewise the
duty, of the personal representative to insist upon a
revivor."

That case had been determined in the circuit court
before the adoption of the Code, and the principle
there announced as then applicable to an action for
assault and battery, is still applicable in all its force
to the case now under consideration.    The learned
judge, in that case, further said : " The position is
altogether mistaken, that the judgment is annulled by
the removal of the cause into this court, and proceeds
from losing sight of the distinction between a simple
appeal and an appeal in the nature of a writ of error.
The latter merely suspends the judgment of the inferior

court, and does not annul it, and consequently, if the appeal in error is abated or dismissed, the judgment below is left unimpaired and in full force."

The principle decided in this case was cited approvingly in the case of *Baker* v. *Dansbee,* 7 Heis., 231, but it was there correctly held that the case then under consideration did not fall within the principle there decided. Chief Justice Deaderick, in that case, said: "Plaintiff also relies upon *Kimbrough* v. *Mitchell,* 1 Head, 539. Here Mitchell had brought suit and obtained judgment against Kimbrough for assault and battery. Kimbrough appealed in error to this court. While the suit was pending in this court Mitchell died. His personal representative made a motion to revive in his name. This was opposed, but the court held that the recovery having been had in the lifetime of the injured party, the claim for damages was merged in the judgment, and became a debt. That the appeal in error did not annul, but merely suspended the judgment of the inferior court." "We do not think," he adds, "that either of the cases cited has any application to this case, and which we may add, was an action instituted by the personal representative after the death of the party entitled to sue for the tort."

In the case of *Bolin* v. *Stuart,* 7 Baxt., 298, where an action for malicious prosecution had been instituted, and the verdict and judgment in the court below was for the defendant, and the plaintiff appealed in error, and pending the appeal the defendant died, the cause was abated on motion of his counsel, but the only

question considered in that case was as to whether or not an action for malicious prosecution was an action affecting the character of the plaintiff, and was consequently within the exception of the above cited section of the Code, and it was held that it was. Neither of the cases of *Kimbrough* v. *Mitchell* or *Baker* v. *Dansbee*, was cited or referred to, nor was the question decided or recognized in those cases, and now under consideration in this, involved in the case of *Bolin* v. *Stuart*. There there had been no recovery upon the demand against the defendant, and hence there could be no merger or change of the nature of the demand. The plaintiff below had failed in his action, and the only demand he could have had against the personal representative was purely and solely upon the original alleged tort, and which unquestionably died with the defendant. But it is said by the counsel for the plaintiff in error, there was a judgment in that case for costs in favor of the defendant against the plaintiff. That is true, but there was no application on the part of the representative of the defendant to revive this judgment, but on the contrary, the motion to abate the suit was made by the counsel for defendant himself, and was an abandonment of any judgment to which he or his personal representative might have been entitled for costs against the plaintiff, which was all he could possibly have claimed. The distinction between a simple, or as it is sometimes called, a *broad* appeal, and an appeal in the nature of a writ of error, and the principle that the latter does not vacate, but merely suspends the judgment of the court below, is

uniformly recognized through our cases: *Furber* v. *Carter*, 2 Sneed, 1;. *Kimbrough* v. *Mitchell*, 1 Head, 539; *Galena* v. *Sudhumes*, 9 Heis., 189; 12 Heis., 466; 3 Sneed, 208.

The judgment of the circuit court which has been appealed from, was not thereby vacated or annulled, but is only suspended, and is presumed to be valid until it is shown to be erroneous, or in some other manner properly vacated, and the demand upon which it was predicated having lost its character of a tort, and having acquired the nature of a debt by its merger into the judgment, is enforceable against the personal representative of the deceased, unless it is shown to be erroneous and vacated.

The defendant. in error is entitled to the revivor as sought by his *sci. fa.,* the plea to which is no sufficient answer, and the demurrer will be sustained and the cause revived against the personal representative, and stand for hearing in its order on the docket. A reversal of the judgment would, of course, restore the demand to its original character, and the suit upon it would then be subject to abatement as though no judgment had ever been rendered upon it.