TRENT *v.* STATE *ex rel.* SMITH, Dist. Atty.

*(Knoxville,* September Term (May Session) 1952.

Opinion filed June 5, 1953.

W. J. Barron, of Morristown, for plaintiff.

Earnest R. Taylor and H. C. Smith, District Attorney General, both of Morristown, for defendants.

MR. JUSTICE GAILOR delivered the opinion of the Court.

On October 29, 1952, this suit was instituted in the name of the State on relation of the District Attorney General of the 20th Judicial Circuit, against Grover Lee Trent, Circuit and Criminal Clerk of Hamblen County, Tennessee, to remove said Clerk from office, declare a vacancy in said office, and to appoint a successor pro tempore. Among other things, the petition alleged that Defendant had been indicted on September 15, 1952, in the United States District Court for the Eastern District of Tennessee, Northeastern Division at Greeneville, for a felony; that he had pleaded guilty on said indictment; and that he had been convicted and placed on probation. The prayer of the petition is that Defendant be suspended or removed from office because of the conviction of a felony, and that a successor be appointed to fill the vacancy in office so created.

The summons issued against Defendant on said petition and he accepted service thereon; filed an answer to

said petition, in which he denied that a cause of action was therein stated against him; denied that he had been convicted as alleged; and asserted his right to continue to hold office as such Circuit and Criminal Court Clerk.

The cause was heard by the Honorable Shelburne Ferguson, Judge of the Circuit Court of Hamblen County, and the Honorable Thomas H. Rogan, Judge of the Criminal Court of Hamblen County, sitting together and on November 15, 1952, they delivered their joint judgment, which at the request of the Defendant, contained their findings of fact.

The two Judges found that the Defendant, upon a plea of guilty, in the United States District Court, had been convicted of a felony for violation of the Mann Act, 18 U. S. C. A. Section 2421 et seq. and placed on probation for a period of 18 months.

The Court further found that to permit the Defendant to continue to act as Clerk, after conviction of the felony, would subject the Court, the Judges and the public to ridicule and embarrassment, and hamper the due administration of justice; and that due to said conviction, under the Constitution and statutes of Tennessee, the Defendant was incompetent to hold the public office of Clerk, and was subject to removal by the Court; and accordingly decreed that said Defendant be removed from office, and that a vacancy in said office be declared and a successor pro tempore be appointed.

After his motion for new trial was overruled, Defendant appealed to this Court by a proceeding which he defines as an appeal "in accord with Chancery procedure." (brief p. 7).

The relator has made motion to dismiss the appeal as prayed, on the ground that it is unauthorized and improper on a proceeding of this sort. It is first

necessary, therefore, for us to consider this motion to which the Defendant has not seen fit to reply.

In view of the allegation of the petition, which is admitted, that this proceeding was commenced by the District Attorney General after written request of the Judges of the Circuit and Criminal Courts of Hamblen County, and in view of the statutes invoked by the Judges for their judgment below, we hold that this was not a proceeding under the Ouster Law, Code, Secs. 1877-1902, but was a summary proceeding for the removal of a disqualified clerk of the Court under Code, Secs. 10076-10081, pertinent parts of which Sections are as follows:

"10076. The court may remove its clerk upon conviction of a misdemeanor in office or of a felony * * *.

"10079. The court may direct the district attorney to file and prosecute the charges, if thought proper, and may suspend the clerk and appoint a clerk pro tempore * * *.

"10077. Immediately upon indictment found against any clerk for a felony or misdemeanor in office, the court of which he is clerk may suspend him from office and appoint a clerk pro tempore, until a final decision can be had, who shall be entitled to the fees and perquisites of office during the suspension."

Bearing in mind that the foregoing sections of the Code are based on, and in language identical with Acts of the Legislature passed in 1794, 1801, and 1835, we find that the question presented by the motion to dismiss the appeal was decided in the case of *Ragsdale* v. *State*, 1852, 32 Tenn. 416, [Reprint page 247]. That case presented a motion by the Attorney General before the Judge of the Circuit Court against the Clerk of the Court, to require him to account for certain collections of county

and state revenue. The Clerk failed so to account; the Judge removed the Clerk from office, and appointed a successor pro tempore. The ousted clerk then undertook to "appeal in error" to the Supreme Court, and in dismissing the appeal in error, this Court said:

"But we think that the action and order of the court, removing its clerk for any legal cause, and appointing another in his stead, cannot be considered a suit and judgment, in the sense of the statute giving the appeal and error. It is more in the nature of a proceeding in contempt, from which no appeal will lie. The power of a court to remove its clerk for legal and sufficient cause, of which, in the first instance, it is to be the judge, is to be considered as absolute and peremptory. It is indispensable to the proper and efficient administration of the business of the court. If the court err in the exercise of this inherent and necessary power, the clerk is not without remedy. He is entitled to a mandamus to be restored to his office, or to a writ of error to cause the proceedings to be revised, and reversed if erroneous. The writ of error will lie at the common law, independent of the statute, to revise the proceeding; it being the final order and judgment of a court of record, proceeding according to the course of the common law. If the appeal in error were allowed, it would have the effect to suspend the judgment of removal, and continue the clerk in office, pending the appeal. He may have been removed as a public defaulter, or for other odious and flagrant cause that would render it still more inconvenient and prejudicial to the public interest that he be continued in office; yet, if the appeal will lie, he may, at his own option, suspend the judgment, and continue in office until the appeal in

error be determined, and the court be powerless to rid itself of the incumbrance. Such a practice cannot be tolerated, unless it were expressly declared by statute. The appeal in error will lie only where it is given by the statute; and we are satisfied, as before stated, that a case like this is not within either the letter or intendment of the statutes which give the appeal and error.

"The order and judgment of the court, removing its clerk, are absolute and effectual. The office becomes thereby vacated, and it is competent for the courts to fill it by a pro tempore appointment as directed by the Statute." *Ragsdale* v. *State*, 32 Tenn. 416 [Reprint pages 247, 249-250].

The decision of the Court in the Ragsdale case is consistent with several other early cases, and explained by them. *Hardin County Court* v. *Hardin*, 7 Tenn. 291, [Reprint page 233]; *Sevier* v. *Justices*, 7 Tenn. 146, [Reprint page 268]; *Garner* v. *Carroll*, 15 Tenn. 365, [Reprint page 239]; *Evans* v. *Claibourne County Justices*, 4 Tenn. 26, [Reprint page 21]. Compare:—*Ex parte Chadwell*, 62 Tenn. 98, 99.

If, in this proceeding, the Defendant is not entitled to an appeal in error, or an appeal in the nature of a writ of error, because such course suspends the judgment, a fortiori, he is not entitled to a broad appeal as from a Chancery decree, since that course would vacate the judgment. *Kimbrough* v. *Mitchell*, 38 Tenn. 539 [Reprint page 304]; *Akers* v. *Akers*, 84 Tenn. 7; *Gallena* v. *Sudheimer*, 56 Tenn. 189. Compare:—*Wilson* v. *Moudy*, 22 Tenn. App. 356, 123 S. W. (2d) 828; *Webster* v. *Trice*, 23 Tenn. App. 365, 133 S. W. (2d) 621.

Under the foregoing authorities, we hold that the motion to dismiss is valid and must be sustained, how-

ever, under those same authorities, the Defendant is entitled to file the record for writ of error. No good purpose could be served by the delay and inconvenience of a remand for that purpose, we will, therefore, consider this appeal as if the record had been filed for writ of error without supersedeas, considering such of the assignments of error as we deem material in the course of the opinion.

◼ There is no question that the Defendant had full and legal notice of the proceeding below, since he accepted service on the summons, filed an answer, and testified at the hearing. He admitted that he had been convicted in the Federal Court of a violation of the Mann Act. That conviction was conviction of a felony. Title 18, Sec. 1, Sec. 2421, U. S. Code, Ann. The fact that sentence to imprisonment as provided by Sec. 2421, was suspended, is immaterial since it is the conviction of felonious guilt that carries with it the moral turpitude which disqualifies a clerk under our Code, Sec. 10076, supra.

Since the Defendant, himself, under oath on the stand, confessed that he had been convicted in Federal Court of a felony, assignments that the judgment was not supported by evidence, scarcely merit serious consideration.

◼◼ It is complained that the joint hearing before the two Judges, was irregular and unauthorized. The record fails to show that the Defendant made any timely objection or preserved an exception to the joint hearing. The record does show that at the very outset of the hearing, both Judge Ferguson and Judge Rogan took part in a discussion with counsel and made rulings for the Court. There was no objection by the Defendant until, in the motion for new trial, he raised the question as ground 12 (the last) of that pleading. Furthermore, the question here is not whether such joint hearing was irregular, but

whether, as a result of such irregularity, the Defendant suffered prejudice. Under the quoted sections of the Code, either Judge Ferguson or Judge Rogan, as Judges of their respective Courts, had a right to proceed against their clerk. The fact that they decided to proceed jointly, and agreed upon their judgment, was no prejudice to the Defendant, but gave him a hearing before two Judges, instead of one. Accordingly, assignments in this regard are overruled under the authority of Rule 14 of this Court, 185 Tenn. 866.

Defendant insists that the word ''felony'' as used in Code Secs. 10076-10081, means ''felony in office'' and is limited to such an offense. Such construction reads into the statute a limitation that is not there under a construction by ordinary rules of grammar. In Code Sec. 10076 the phrase used is ''a misdemeanor in office or of a felony'', in 10077, the phrase is reversed, and is ''a felony or misdemeanor in office''. In Code Sec. 10080 and Sec. 10081, misdemeanors in office are defined. The phrase ''misdemeanor in office'' is in common use and is defined as an entity or single phrase by lexicographers (compare:—Bouvier, Webster, Words & Phrases). We hold, therefore, the proper construction of the statute is that it is applicable to all felonies, but only to misdemeanors in office, as those misdemeanors are defined by subsequent sections of the chapter. This disposes of Defendant's further contention that ''felony'' as used in the statute does not apply to Federal felonies.

It is insisted by the Defendant that the judgment here is in violation of Defendant's constitutional right to a four-year term to which he was elected by popular vote. As has been consistently held by this Court since *Sevier* v. *Justices,* supra, and *Tipton* v. *Harris,* 7 Tenn. 308 [Reprint page 339], election for a definite term

carries with it the implied condition "during good behavior."

For his sixth assignment of error, Defendant relies on Sec. 5, of Art. V, of the Constitution. This section was passed to insure that one who is a public officer, shall not escape criminal responsibility because he is a public officer. That section of the Constitution has nothing to do with the present proceeding which is summary, *Ragsdale* v. *State,* supra, and civil in nature, *State ex rel.* v. *Howse,* 132 Tenn. 452, 178 S. W. 1110; *State ex rel.* v. *Crump,* 134 Tenn. 121, 141, 183 S. W. 505, L. R. A. 1916D, 951.

"Section 5 of article 5 relates alone to criminal proceedings against the officers therein named. No civil remedy is suggested. The matter of civil procedure is left entirely open." *State ex rel.* v. *Crump,* 134 Tenn. 121, 141, 183 S. W. 505, 510, L. R. A. 1916D, 951.

The pertinent part of the other section of the Constitution which is invoked by the Defendant is Section 13, of Art. VI, as follows:

"Clerks of the inferior courts, holden in the respective counties or districts, shall be elected by the qualified voters thereof, for the term of four years. Any Clerk may be removed from office for malfeasance, incompetency, or neglect of duty, in such manner as may be prescribed by law."

Felony is the highest grade of malfeasance, and includes murder. Code, Sec. 10752. By the provision that a clerk may be removed for malfeasance "in such manner as may be prescribed by law", the way was left open to the Legislature to prescribe the method and machinery for removal, *State ex rel.* v. *Crump,* supra, and this it has

done by the enactment of Sections 10076-10081 of the Code.

All assignments of error are overruled and the judgment is affirmed at Defendant's cost.