Z. R. BRYANT *v.* C. V. MOORE *et al.*

(*Jackson*, April Term, 1955.)

Opinion filed May 6, 1955.

Petition for Rehearing denied June 10, 1955.

MADDOX, MADDOX & LASSITER, of Huntingdon, for appellant.

R. M. MURRAY, of Huntingdon, for appellee.

Mr. Justice Prewitt delivered the opinion of the Court.

The complainant, Z. R. Bryant, filed his bill seeking a mandatory injunction that although he was duly elected by the qualified voters of the Town of Atwood, as a Commissioner, the defendant Commissioners refused to meet with complainant to transact the Town's business, for the reason that he had been convicted in the Criminal Court of Shelby County, January term, 1928, on the charge of forgery.

There appears no doubt but what complainant was a duly elected Commissioner of said Town. It appears that the Chancellor granted the relief sought and the defendants have appealed.

It appears that complainant filed his petition for the removal of disabilities of infamy and for the restoration of the rights of citizenship which were taken away from him by the Criminal Court of Shelby County; that petition was heard December, 1948, before the Honorable Harry Adams, Circuit Court Judge for Shelby County, and was granted, and he entered a judgment of Restoration of Citizenship to the complainant.

The defendants allege that the Town of Atwood is a municipality, organized under the Statutes of the State of Tennessee, for the year 1921, Pub. Acts 1921, c. 173; that Section 3 of Article 4 of said Act, with respect to Board of Commissioners, provides:

"No person shall become Commissioner who shall have been convicted of malfeasance in office, bribery

or other corrupt practice, or crime, or of violating
any of the provisions of Section 4 of Article 22 of this
charter in reference to elections, and if any Commis-
sioner shall be so convicted he shall forfeit his office."

It is insisted that complainant was ineligible to hold
the office of Commissioner, as he had been convicted of
corrupt practice or crime as therein defined, one of which
convictions being forgery, which is a felony and involves
moral turpitude, and which said conviction was in the
Criminal Court of Shelby County, Tennessee, and that
because of this he was ineligible to hold the office of Com-
missioner of the Town of Atwood, and was without status
in this suit.

The defendant also relies upon Section 11763 of the
Official Code of Tennessee, which provides:

"Every person convicted of a felony and sentenced
to the penitentiary, except for manslaughter, is also
disqualified from holding any office under this state."

The defendants take the position that the judgment of
restoration does not authorize the complainant to hold
the office of Commissioner.

Our Restoration Statute provides:

"Persons rendered infamous, or deprived of the
rights of citizenship, by the judgment of a court, may
be restored by the circuit court; those pardoned, im-
mediately after the pardon; those convicted of mur-
der in the second degree, voluntary manslaughter,
malicious maiming or wounding, fighting a duel,
carrying a challenge to fight a duel, publishing a per-
son as a coward for refusing to fight a duel, or refus-
ing to give up the author of such publication, of res-
cuing a person under lawful arrest, after the lapse of
six months; and all others after the lapse of three

years from conviction." Williams' Annotated Code, Sec. 7183.

It must be borne in mind that this case, being heard on bill and answer, shows that all of the unlawful acts of the complainant were committed more than twenty years before the present controversy arose.

The defendants rely on our case of *Trent* v. *State ex rel. Smith,* 1953, 195 Tenn. 350, 259 S. W. (2d) 657. This case is not in point because the Statutes construed in that case applied to Circuit Court Clerks specifically and the unlawful acts of the defendant were committed during his term of office, and to have permitted him to have served longer as Clerk would have hampered the due administration of justice.

The defendants insist that the Code Section in question, penal in nature, may be invoked to remove from office a person who has violated no laws of this State, because for all of his past infractions of the criminal laws the defendant has paid the penalty. Our Legislature, many years ago, saw proper to pass the Restoration Statute and the Legislature has not seen fit to repeal it. The purpose of this law was to wipe out the transgressions of the offending person and to give him another chance in society. For us to not so hold would violate the expressed intention and the true spirit of the Restoration Statute. *State ex rel. Mitchell* v. *McDonald,* 164 Miss. 405, 145 So. 508, 86 A. L. R. 290; *Burdine* v. *Kennon,* 186 Tenn. 200, 209 S. W. (2d) 9, 2 A. L. R. (2d) 577.

It results that we find no error in the judgment of the lower court sustaining the bill of the complainant and it is affirmed with costs.