# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### April 1, 2014 Session

## STATE OF TENNESSEE v. LARRY BALTIMORE

**Appeal from the Circuit Court for Dyer County**
**No. 2012-CV-103    Lee Moore, Judge**

---

**No. W2013-01599-CCA-R3-CD  - Filed May 13, 2014**

---

Appellant, Larry Baltimore, was acting as a bail bondsman in Dyer County at the time this Court decided in *In re: The Application of Tony Cox (Seeking to Qualify as Agent for Memphis Bonding)*, 389 S.W.3d 794 (Tenn. Crim. App. 2012), that a convicted felon could not act as a bail bondsman under Tennessee Code Annotated section 40-11-128. After *Cox* was decided, the trial court determined that Appellant could not be a bail bondsman because of a previous conviction for felony assault. Appellant appeals from this order and asks this Court to reverse its decision in *Cox*. After a thorough review of Appellant's arguments, we find no reason to reverse our earlier determination. Therefore, the trial court's decision is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, and D. KELLY THOMAS, JR., JJ., joined.

Matthew W. Willis, Dyersburg, Tennessee, for the appellant, Larry Baltimore.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; and Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Factual Background*

Appellant was convicted of felony aggravated assault on November 24, 1987. On May 17, 2004, the trial court filed an order restoring Appellant's citizenship after finding that

Appellant had met all of the requirements. Subsequently, Appellant worked at Baltimore & McGraw Bail Bonding writing bonds. On October 23, 2012, the district attorney filed a Petition to Show Cause as to why Appellant's authority to write bonds in the 29th Judicial District should not be cancelled based upon his prior felony conviction. The district attorney based his petition on this Court's opinion in *Cox*, which stated that pursuant to Tennessee Code Annotated section 40-11-128 an individual whose citizenship has been restored after a felony conviction is still prohibited from serving as a bondsman.

On June 17, 2013, the trial court filed an order stating "that the restoration of citizenship rights following a felony conviction does not remove the civil disability preventing that individual from serving as a bondsman or bondsman's agent pursuant to TCA § 40-11-128." Therefore, the trial court revoked the authorization for Appellant to write bonds.

Appellant filed a timely notice of appeal.

## ANALYSIS

On appeal, Appellant argues that this court's "ruling in *In re: The Application of Tony Cox* should be reevaluated and overturned or modified." The State disagrees.

Our supreme court has stated, "The power of this Court to overrule former decisions 'is very sparingly exercised and only when the reason is compelling.'" *In re Estate of McFarland*, 167 S.W.3d 299, 306 (Tenn. 2005) (quoting *Edingbourgh v. Sears, Roebuck & Co.*, 337 S.W.2d 13, 14 (Tenn. 1960)).

> Generally, well-settled rules of law will be overturned only when there is obvious error or unreasonableness in the precedent, changes in conditions which render the precedent obsolete, the likelihood that adherence to precedence would cause greater harm to the community than would disregarding stare decisis, or an inconsistency between precedent and a constitutional provision.

*Id.* at 306.

Tennessee Code Annotated section 40-11-128 states:

The following persons or classes shall not be bail bondsmen or agents of bail bondsmen or surety companies and shall not directly or indirectly receive any benefits from the execution of any bail bond: jailers, attorneys, police officers, *convicted felons*, committing magistrates, municipal or magistrate court judges, clerks or deputy clerks, sheriffs, deputy sheriffs and constables, and any person having the power to arrest or having anything to do with the control of federal, state, county or municipal prisoners.

(emphasis added). Therefore, a convicted felon is statutorily prohibited from acting as a bond agent.

When this Court addressed this issue before, we stated the following:

We initially recognize that "Tennessee has 'specific disability statutes,' which 'designate a particular civil disability that occurs upon the conviction and remains in effect throughout the defendant's life unless restored by a specific statutory procedure.'" *Johnson*, 79 S.W.3d at 527 (quoting *Cole v. Campbell*, 968 S.W.2d 274, 276 (Tenn. 1998)). Examples of specific disability statutes include the following: the loss of the right to serve as a juror, *see* T.C.A. § 22-1-102; the loss of the right to serve as a bondsman or bondsman's agent, *see id.* § 40-11-128; the loss of the right to vote, *see id.* § 40-20-112; the loss of the right to seek election to or hold public office, *see id.* § 40-20-114; and the loss of the right to serve as a fiduciary, *see id.* § 40-20-115.

The code provides a procedure through which "[p]ersons rendered infamous or deprived of the rights of citizenship by the judgment of any state or federal court may have their full rights of citizenship restored by the circuit court." *Id.* § 40-29-101 [ ]. There is no "absolute right to the restoration of the full rights of citizenship even upon satisfying the requirements in [Tennessee Code Annotated section] 40-29-101 et seq." *Johnson*, 79 S.W.3d at 527. Rather, the restoration of the rights of citizenship is subject to the requirements and limitations imposed by the General Assembly. *Id.* (footnote omitted).

Appellant essentially argues that this Court's previous opinion should be overturned because this Court's interpretation of the statute was incorrect. We initially point out that

Appellant does not cite to any contrary authority that has been decided or enacted since *Cox* was filed. Therefore, he relies upon his interpretation of the statute to support his arguments.

Appellant first focuses on the categories of individuals prohibited from acting as bail bondsmen. The statute lists the following categories: "jailers, attorneys, police officers, *convicted felons*, committing magistrates, municipal or magistrate court judges, clerks or deputy clerks, sheriffs, deputy sheriffs and constables, and any person having the power to arrest or having anything to do with the control of federal, state, county or municipal prisoners." T.C.A. § 40-11-128 (emphasis added). Appellant states that "[e]very single category of disqualified person, except for "convicted felons," is involved in the Tennessee Criminal Justice System and might have the capacity to use their position to aggrandize their role as a bail bondsman." He also states that "[t]his list of persons disqualified to act as a bondsman is generated by a potential conflict of interest, not one of moral or social capacity."

Appellant is correct in stating that the category of "convicted felons" seems out of place. However, the clear reading of the statute is that "convicted felons" are prohibited from serving as bail bondsmen. The legislature has had ample opportunity to remove this category, provide an exception "for convicted felons who have had their citizenship rights restored," or enact a separate statute to restore this civil disability. *Cox*, 389 S.W.3d at 800. We pointed out in *Cox*, that the legislature has enacted statutes to restore other civil disabilities to convicted felons, "the General Assembly has specifically restored other disabilities by separate statute. *See* T.C.A. §§ 39-17-1351(j)(3) (stating that a restoration of citizenship rights pursuant to sections 40-29-101 *et seq.* will enable certain convicted felons to obtain a handgun carry permit), 40-29-202 (establishing a procedure to restore a convicted felon's right to vote)." *Id.*

We rely on our previous analysis of the statute and respectfully disagree with Appellant that the discrepancy in the listed categories signifies that the legislature intended for convicted felons to have an exception to this statute or a later restoration.

Appellant also argues that "T.C.A. § 40-11-128 was enacted at a time when the legal effect of a restoration of citizenship rights in Tennessee pursuant to T.C.A. § 40-29-101 was fully effective." To support this argument, Appellant cites to *Bryant v. Moore*, 279 S.W.2d 517 (Tenn. 1955) (citing *State ex rel. Mitchell v. McDonald*, 145 So. 508 (Miss. 1993) and *Burdine v. Kennon*, 209 S.W.2d 9 (Tenn. 1948)).

*Bryant* quoted the Restoration Statute in effect in 1955 as the following:

"Persons rendered infamous, or deprived of the rights of citizenship, by the judgment of a court, may be restored by the circuit court; those pardoned, immediately after the pardon; those convicted of murder in the second degree, voluntary manslaughter, malicious maiming or wounding, fighting a duel, carrying a challenge to fight a duel, publishing a person as a coward for refusing to fight a duel, or refusing to give up the author of such publication, of rescuing a person under lawful arrest, after the lapse of six months; and all others after the lapse of three years from conviction." Williams Annotated Code, Sec. 7183.

*Bryant*, 279 S.W.2d at 518.

The current Restoration Act states the following:

(a) Persons rendered infamous or deprived of the rights of citizenship by the judgment of any state or federal court may have their full rights of citizenship restored by the circuit court.

(b) Those pardoned, if the pardon does restore full rights of citizenship, may petition for restoration immediately after the pardon; provided, that a court shall not have jurisdiction to alter, delete or render void special conditions of a pardon pertaining to the right of suffrage.

(c) Those convicted of an infamous crime may petition for restoration upon the expiration of the maximum sentence imposed for the infamous crime.

T.C.A. § 40-29-101.

Appellant correctly points out that the legislature enacted the current Restoration Act in 1978 and has not amended it since its enactment. Appellant relies upon *Bryant* to support his argument for the intent of the Restoration Act, but the Restoration Act currently in effect is considerably different from the Act quoted in *Bryant*. For this reason, Appellant's argument is not well-taken. *Bryant* cannot be considered to be an apt analysis of the current act enacted twenty-three years after *Bryant* was decided by our supreme court.

Therefore, this argument is without merit.

-5-

We conclude that Appellant has not presented a valid argument to cause us to overturn our decision in *Cox*. "Radical changes in the law are best made by the legislature. *J.T. Fargason Co.*, 159 S.W. at 222." *McFarland*, 167 S.W.3d at 306. If the legislature determines that convicted felons should be eligible to act as a bail bondsman, then the legislature can enact legislation to allow such an occurrence.

## **CONCLUSION**

For the foregoing reasons, we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE