Billy W. KELLEY, d/b/a Plaza Auto Sales, Appellant,

v.

O. L. McLEMORE and wife, Mary E. McLemore, et al., Appellees.

Tony CHUOKE, Appellant,

v.

O. L. McLEMORE and wife, Mary E. McLemore, et al., Appellees.

Court of Appeals of Tennessee, Western Section.

July 29, 1977.

Certiorari Denied by Supreme Court Dec. 12, 1977.

James A. Hopper, Savannah, for appellant Billy W. Kelley, d/b/a Plaza Auto Sales.

John J. Ross, Jr., Savannah, for appellant Tony Chuoke.

W. Lee Lackey and W. W. Lackey, Savannah, for Dan J. Curtis for benefit of Citizens Bank.

W. E. QUICK, Special Justice.

This appeal from the decree of the Chancery Court of Hardin County, Tennessee, involves: (1) priority of judgment liens as between two judgment creditors, (2) allocation of proceeds of court sale as between Trustee under prior deeds of trust and the subsequent judgment creditors, and (3) allowance of attorney fee to Trustee.

On July 17, 1974, appellant, Billy W. Kelley, d.b.a. Plaza Auto Sales, hereinafter referred to as the Tennessee Creditor, obtained judgment in the Chancery Court of Hardin County against O. L. McLemore and wife, Mary McLemore, owners of the real property here involved, in the sum of $13,-800.00 and costs.

On August 19, 1974, the said Tennessee Creditor filed a judgment lien in the Register's Office of Hardin County in accordance with the provisions of Tennessee Code Annotated, Section 25–503.

On March 6, 1975, an execution was issued by the judgment creditor with teste date fourth Monday in October 1974. On April 28, 1975, return was made, "No property to be found of the defendants."

On May 13, 1975, suit was filed by the Tennessee Creditor in the Chancery Court for Hardin County seeking equity to satisfy its judgment by subjecting McLemore's equity in three tracts of land to court sale in satisfaction of the judgment.

The other judgment creditor, Tony Chuoke, hereinafter referred to as the Texas Creditor, by invoking the Long Arm Statute, first filed suit in the District Court of Dallas, Texas, and on May 30, 1974, obtained judgment against the McLemores in the sum of $16,000.00 and costs.

Thereafter, on July 1, 1974, the Texas Creditor filed suit on the Texas judgment in the Chancery Court of Hardin County, Tennessee, and on January 14, 1975, obtained judgment in the same amount, to-wit, $16,000.00, plus interest from May 30, 1974, (date of the Texas judgment).

On January 16, 1975, a certified copy of the judgment was filed of record in the Register's Office of Hardin County, Tennessee.

Execution was issued on that judgment on May 8, 1975, and returned *nulla bona* on May 9, 1975.

Coincidentally, the Texas Creditor filed suit seeking satisfaction of its judgment from McLemore's equity in the same real property on the same day and in the same Court as had the Tennessee Creditor.

Writs of attachment were issued by the Clerk and Master in both cases at 2:45 p.m. on May 15, 1975, and in the Tennessee Creditor case the attachment was levied by the Sheriff on May 15, 1975 at 2:45 p.m., and immediately thereafter, at 2:46 p.m. attachment was levied by the Sheriff in the Texas Creditor case.

In Memorandum Opinion filed by the learned Chancellor, he commented on the fact that both judgment creditors filed suit

for attachment on the same day (May 13, 1975), and that attachments were levied on the property within one minute of each other on May 15, 1975. He then made the further observation:

"Why was one attachment levied prior to the other? The attorneys had no control over this act. This is the function of the Court, therefore server of process must treat this sale and distribution of the funds as if it were a suit by general creditors, and prorata the assets of the insolvent debtor. The land was brought before the Court at the same time the land was sold for both creditors, both attorneys performed in an excellent manner and the Court therefore is of the opinion that the judgment creditors should share in the goods and losses on a prorata basis."

The Chancellor accordingly decreed distribution of the proceeds of sale on a pro rata basis.

The Chancellor further held that the judgment creditors, through their attorneys of record, had entered into an agreement with the Trustee for the Citizens Bank of Savannah, Tennessee, which Bank held first liens on the property, that the property could be sold free of such liens, and that the Bank's indebtednesses would first be paid out of the proceeds of sale, and the Court so held in the distribution of the proceeds of sale.

The Chancellor further held that the attorney for the Trustee was entitled to a fee in the amount of $200.00, to be paid out of the proceeds of sale.

To the decree of the Trial Court, Tennessee Creditor has assigned error as follows:

## I

That the Chancellor erred in decreeing a pro rata distribution of the proceeds of sale as between the two judgment creditors, and failing to hold that the judgment lien of Billy W. Kelley, the Tennessee Creditor, was superior to and had priority over that of Tony Chuoke, the Texas Creditor.

## II

That the Chancellor erred in allowing full recovery to the Trustee for the Citizens Bank of Savannah, Tennessee, rather than limiting recovery to the proceeds of sale of each separate tract of land covered by the respective deed of trust.

## III

That the Chancellor erred in allowing a fee to the Trustee's attorney.

With respect to Assignment I, it would appear from conclusions expressed in the Memorandum Opinion herein referred to the Chancellor in decreeing a pro rata distribution of the proceeds of sale as between the Tennessee and Texas Creditors was apparently of opinion the issuance of attachments and levying of the same by the Sheriff was determinative of the question of priority of liens. In this we cannot agree.

■ It is conceded, of course, that a judgment, in and of itself, does not create a lien against an equitable interest in real property. *Huffaker v. Bowman* (1856), 36 Tenn. 89, 98; *Chumbley v. Carrick* (1953), 194 Tenn. 612, 254 S.W.2d 732.

But Section 25–503 Tennessee Code Annotated very specifically outlines the procedure to be followed in order to successfully establish a judgment lien against an equitable interest in real estate. We quote the Code Section, as amended:

"25–503—EQUITABLE INTERESTS—A judgment or decree shall not bind the equitable interest of the debtor in real estate or other property until a memorandum or abstract of the judgment or decree, stating the amount and date thereof, with the names of the parties is certified by the clerk and registered in the register's office of the county where the real estate is situated."

Section 25–505 then proceeds to set forth the procedure to be followed in preserving and enforcing the lien thus created:

"25–505—BILL TO SUBJECT INTEREST—In both cases of realty and personalty, *the lien shall cease*, unless a bill in equity, to subject said interest, is filed

with thirty (30) days from return of the execution unsatisfied." (Italics ours)

 It seems apparent, therefore, that it is the filing of a certified copy of the judgment, or memorandum thereof, in the Register's Office, as required by T.C.A. 25–503, which establishes the lien against an equitable interest in real estate. And it seems significant that reference is made to the fact that the *lien* shall cease, unless the provisions of Section 25–505 are complied with.

It is stipulated that the Tennessee Creditor has complied with each of these provisions of the Code by filing a certified copy of his judgment in the Register's Office; that he filed suit to subject the equitable interest to satisfaction of his judgment lien within thirty (30) days from return of execution unsatisfied, and attachment was levied on the land for sale on May 15, 1975, within twelve (12) months after rendition of his judgment.

On the other hand, the Texas Creditor obtained judgment first in Texas on May 30, 1974, and in Tennessee on January 14, 1975, but it was not until January 16, 1975, that a certified copy of his judgment was filed of record in the Office of the Register of Hardin County. In point of time this was some five months following the filing of judgment by the Tennessee Creditor.

If the registering of judgment in the Register's Office, as provided in T.C.A. 25–503, is determinative on the question of priority of liens, as indeed we think it is, then clearly, the judgment lien of the Tennessee Creditor is superior to that of the Texas Creditor. This assignment is accordingly sustained, and the Chancellor's holding in this particular is reversed.

 Assignment of Error II complains of the action of the Chancellor in allowing full recovery to the Trustee for the Citizens Bank of Savannah out of the proceeds of sale of the two tracts of land upon which the Bank held separate deeds of trust. In doing so, it appears the Chancellor relies upon what he found to be an agreement between counsel for the two judgment creditors and counsel for the Trustee to the effect that the property could be sold free of encumbrances, and that the indebtednesses owing the Bank would be first paid in full out of the total proceeds of sale, rather than limiting recovery to the proceeds of sale of each particular tract covered by the particular deed of trust.

It is noted that the decree of sale entered January 5, 1976, and approved by all counsel of record contains the following provisions:

"- - - and it further appearing to the Court that the Citizens Bank of Savannah, Tennessee, holds Deeds of Trust to said property, securing promissory notes of the Defendant, Mary E. McLemore, to it, and that by agreement the Citizens Bank and the Plaintiffs desire that said property be sold free of said encumbrances, *and that the obligations of Defendants to said Bank be first paid out of the proceeds of sale.*" (Italics ours)

And quoting further from the decree:

"And on the special application of the Plaintiffs, both in their Complaints and at the bar, that said land be sold on a credit and in bar of all right of redemption, said sale will be made on the credit aforesaid, and when made and confirmed by the Court no right of redemption or repurchase shall exist in the Defendants or in any of their Creditors, but the title of the Purchaser shall be absolute. *From the first monies received from said sale the indebtednesses to the Citizens Bank will be satisfied, and the balance of any proceeds will be used for the satisfaction of the Judgments of the Plaintiffs* as stated above, and any proceeds over and above what is necessary to pay the Plaintiffs' debts and Costs of these actions will be paid to the Debtor, or as otherwise ordered by the Court." (Italics ours)

We believe these provisions in the decree of sale, approved by counsel for the two judgment creditors, are sufficient to support an agreement for payment in full of the indebtednesses to the Citizens Bank, and it follows that the judgment creditors are bound by the agreement made by their

counsel in the course of this litigation. *Pewitt v. Pewitt* (1950), 192 Tenn. 227, 240 S.W.2d 521; *State, Department of Highways v. Urban Estates, Inc.* (1971), 225 Tenn. 193, 465 S.W.2d 357; *Lewis & Sons v. Illinois Central R. Co.* (1923), 150 Tenn. 94, 259 S.W. 903.

It is further to be noted that in entering into this arrangement the Bank surrendered its right of foreclosure and the opportunity of bidding in a particular tract in satisfaction of its lien.

This Assignment is overruled, and the action of the Chancellor in allowing full recovery to the Bank is affirmed.

With respect to Assignment of Error III, directed to the action of the Chancellor in allowing an attorney fee to the Trustee, we hold this to be error for the reason the only party who could be held liable for attorney fees would be defendants in the cause, as parties to the deeds of trust, and for whom no funds were available out of the proceeds of sale. To hold otherwise in this case would be to require the other judgment creditors to pay the fee out of proceeds of sale available only to them.

This Assignment of Error is accordingly sustained, and the judgment of the Chancellor in allowing the fee is reversed.

The result is that so much of the Chancellor's decree which ordered a pro rata distribution of the proceeds of the sale and which allowed a fee to the Trustee's attorney is reversed. Costs of appeal are adjudged against the Texas Creditor, Tony Chuoke.

A decree will be entered in this Court awarding judgment in compliance with this Opinion.

Honorable W. E. Quick, by designation of the Supreme Court of Tennessee, took part in the hearing of this appeal in the absence of Presiding Judge C. S. Carney.

MATHERNE and NEARN, JJ., concur.