BODIN APPAREL, INC., et al.,
Plaintiffs-Appellants,

v.

Michael LOWE, et ux., et al.,
Defendants-Appellees.

Court of Appeals of Tennessee,
Middle Section,
at Nashville.

Dec. 11, 1980.

Abridged April 20, 1981.

Permission to Appeal Denied by Supreme
Court April 6, 1981.

[black bar]

Milton E. Henderson, Steltemeier & Westbrook, Nashville, for plaintiffs-appellants.

W. Ovid Collins, Jr. and Thomas A. Higgins, Cornelius, Collins, Higgins & White, Nashville, for defendants-appellees.

Leon Sharber, Trustee, pro se.

## ABRIDGED OPINION

CONNER, Judge.

This case presents the question of whether it is possible for creditors[1] with a general sessions court judgment in excess of Five Hundred Dollars ($500.00) to perfect a lien in the equitable interest of a judgment debtor and a third-party purchaser for value[2] in real estate without compliance with the provisions of T.C.A. § 25–5–101, et seq.[3] With particularity the issue is raised as to whether the creditor must comply with the thirty (30) day time limit for filing a bill in equity after the return of execution unsatisfied imposed by T.C.A. § 25–5–104. The ruling of the court below, decided on cross motions for summary judgment, was that the provisions of T.C.A. § 25–5–101, et seq. were mandatory. We concur.

For purposes of deciding this litigation it is only necessary to note that the record reveals that no bill in equity to subject the debtor's equitable interest (or that of a third-party purchaser for value) in real property was filed until more than thirty (30) days after execution was returned unsatisfied.[4]

The relevant provisions of the "Lien of Judgment" chapter are:

T.C.A. § 25–5–101. LIEN ON LAND— HOW OBTAINED. (a) Judgments and decrees obtained before July 1, 1967, in any court of record of this state, in the county where the debtor resides at the time of rendition, shall be liens upon the debtor's land in that county from the time the same were rendered.

(b) Judgments and decrees obtained from and after July 1, 1967 in any court of record and judgments in excess of five hundred dollars ($500)[5] obtained from and after July 1, 1969 in any court of general sessions of this state shall be liens upon the debtor's land from the time a certified copy of said judgment or decree shall be registered in the lien book in the register's office of the county where the land is located. If said records are kept elsewhere, no lien shall take effect from the rendition of said judgments or decrees unless and until a certified copy of same are registered as otherwise provided by law.

T.C.A. § 25–5–102. EQUITABLE INTERESTS.—A judgment or decree shall not bind the equitable interest of the

1. Plaintiffs below and appellants herein.

2. Defendants below and appellees herein.

3. Formerly T.C.A. § 25–501, et seq.

4. A chronological listing of events reveals:

| July 11, 1977 | Gary Dennis and Ivey Dennis divorced |
| March 1, 1978 | Plaintiffs' judgments entered against Gary Dennis and Ivey Dennis in general sessions court |
| March 15, 1978 | Plaintiffs' judgments recorded |
| June 16, 1978 | Ivey Dennis filed petition in bankruptcy |
| September 13, 1978 | Property abandoned by trustee in bankruptcy |
| October 4, 1978 | Gary Dennis and Ivey Dennis divorce decree recorded |
| October 11, 1978 | Ivey Dennis conveyed property to Michael Lowe, et ux; Deed of Trust executed by the Lowes to Leon Sharber, et al |
| December 20, 1978 | This suit filed |

The record does not disclose the dates when the executions were returned unsatisfied but on request for admissions plaintiffs admitted that the original complaint herein was filed more than 30 days after return of their executions unsatisfied.

5. In the original suit with numerous judgment creditors as plaintiffs a judgment lien was sought for certain of those plaintiffs whose judgments were less than Five Hundred Dollars ($500.00) in spite of the express provisions of T.C.A. § 25–5–101. Those plaintiffs have since conceded that such effort to perfect a lien was without legal basis.

debtor in real estate or other property until a memorandum or abstract of the judgment or decree, stating the amount and date thereof, with the names of the parties is certified by the clerk and registered in the register's office of the county where the real estate is situated.

T.C.A. § 25–5–104. BILL TO SUBJECT INTEREST.—In both cases, of realty and personalty, the lien shall cease, unless a bill in equity, to subject said interest, is filed within thirty (30) days from the return of the execution unsatisfied.

If this court properly understands the contention of the appellants it is that we should repudiate the express wording of T.C.A. § 25–5–104 and the express holdings of *Weaver v. Smith*, 102 Tenn. 47, 50 S.W. 771 (1899) and *Kelly v. McLemore*, 560 S.W.2d 74 (Tenn.App.1977). These authorities hold it is not possible for a plaintiff who has obtained a judgment in general sessions court and has had execution returned unsatisfied to delay beyond thirty (30) days thereafter the filing of suit to perfect a judgment lien where there has been a prior transfer to a third-party purchaser for value.

Appellants' theories are apparently threefold:

■ (1) T.C.A. § 25–5–104 does not really mean what it says. Further, what T.C.A. § 25–5–104 is really referring to is the enforcement of "liens of execution" as opposed to "liens of judgments." We specifically reject this contention. The entire chapter commencing with T.C.A. § 25–5–101 and continuing through T.C.A. § 25–5–109 is entitled "Lien of Judgment" and purports to set up a precise method for obtaining and perfecting "Liens of Judgment." It is this court's perception that the legislature intended the chapter and all the provisions thereof to involve just that.

■ (2) Even if the provisions of T.C.A. § 25–5–104 are not followed that a judgment lien can still be claimed pursuant to T.C.A. § 23–632. This statute is inapplicable to the perfection of a judgment lien. T.C.A. § 23–601 through T.C.A. § 23–665 and inclusive of T.C.A. § 23–632 sets forth the grounds and the procedures for the attachment of property based upon certain specific grounds set forth in T.C.A. § 23–601. None of these grounds are anywhere made apparent in the record before this court. Accordingly, we hold that T.C.A. § 23–632 is not applicable.

■ (3) The allegation of the applicability of T.C.A. § 26–4–104. This is the lien lis pendens section of the chapter of the Tennessee Code Annotated passed for the purpose of allowing the filing of a bill in chancery court to compel the discovery of property owned by a judgment debtor and subsequent attachment. There is no showing in this record that there was any effort by the judgment debtors to hide their property. To the contrary, there is a clear showing that the appellants were aware of the debtors' interest in the real estate sought to be attached long before appellants filed their complaint. We hold that T.C.A. § 26–4–104 provides no relief to appellants herein.

■ An unhappy litigant cannot isolate one section in a statutory scheme and apply it to circumstances neither provided for nor intended by the balance of a given statutory framework. The entire chapter of statutes must be read *in pari materia*.

■ The appellants have misconceived the applicability of T.C.A. § 23–632 and T.C.A. § 23–601. Appellants have neither a claim nor a judgment against appellees, Michael Lowe and Patricia Ann Lowe, the purchasers for value of the real property at issue from one of the judgment debtors. Even if the proper allegations had been made in appellants' suit, e. g., that the defendant was absconding or concealing the property, appellants could have traveled under these statutes only if legal title to the property was vested in the judgment debtors at the time the attachment suit was filed. This was not the case. As the court below correctly held, any lien on the equitable interest of a debtor in real estate must be perfected by a filing of a bill in equity within thirty (30) days from the return of

execution unsatisfied as required by T.C.A. § 25–5–104. To hold otherwise would be to ignore the express language of the statute and to repudiate the clear holdings of *Weaver v. Smith*[6] and *Kelly v. McLemore,*[7] *supra.*

We find it unnecessary to interpret T.C.A. § 25–5–103 in any way inasmuch as only real property is herein involved. Likewise, we find it unnecessary to determine whether appellants may also be time barred by failure to consummate sale of the land within twelve (12) months from the rendition of the original judgment or decree as provided in T.C.A. § 25–5–105 inasmuch as the specific applicability of T.C.A. § 25–5–104 is dispositive of the matter.

The judgment of the court below is affirmed and the costs are taxed to the appellants.

AFFIRMED.

LEWIS and CANTRELL, JJ., concur.

---

**6.** In this case dealing with creditor priorities the court held that:

> The lien shall cease unless the bill in equity to enforce said lien is filed within thirty days from the time of the return of the execution unsatisfied.

Further,

> Now, we think the purpose of the Legislature is clearly apparent, and it is to enforce and require prompt action on the part of a party seeking to assert a lien either on equitable interests in realty by reason of the judgment, or an execution lien on personalty, and to require him, within thirty days after he ascertained, by a proper return of an officer of an execution legally issued, that there is no property subject to execution at law, to file his bill.... 102 Tenn. at 60, 50 S.W. 771.

And finally,

> We think that by the express terms of the statute, when an execution is thus legally issued and returned, the bill must be filed within thirty days thereafter, or the lien of the judgment is lost. 102 Tenn. at 62, 50 S.W. 771.

**7.** In this case both a Tennessee judgment creditor and a Texas judgment creditor sought to perfect a judgment lien against the debtor's property. The Tennessee creditor complied with all of the requirements of T.C.A. § 25–5–101 et seq. (then T.C.A. § 25–501 et seq.). The Texas creditor did not and as a result the Tennessee creditor prevailed. In specific reference to what is now T.C.A. § 25–5–104 the court, after quoting the language of the statute said:

> And it seems *significant that* reference is made to the fact that the *lien* shall cease, unless the provisions of Section 25–505 (now Section 25–5–104) are complied with. 560 S.W.2d at 77.

We also read differently than appellants the teachings of the note, *Enforcing A Money Judgment in Tennessee,* 4 Memphis St.U.L.Rev. 65 (1973). We think the proper reading of the article and the correct statement of law as stated therein is:

> Although the debtor's legal and equitable interests in realty are covered by the same registration requirement, the judgment lien on equitable interests will cease, unless subjected by a bill in equity within thirty days from the return of an unsatisfied execution.