# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs February 14, 2012

## IN RE: THE APPLICATION OF TONY COX (Seeking to Qualify as Agent for Memphis Bonding)

## and

## STATE OF TENNESSEE v. CHERYL D. GRAY AND SAMUEL R. BRISCO

**Appeal from the Criminal Court for Shelby County**
**Nos. P-35352, P-35417      James M. Lammey, Jr., Judge**

---

**No. W2010-02510-CCA-R3-CD   -   Filed August 20, 2012**

---

In this consolidated appeal, Petitioner Tony Cox appeals the trial court's order denying his application to qualify as a bondsman's agent to write cash bonds in the Criminal Courts of the Thirtieth Judicial District, and Petitioner Samuel R. Brisco appeals the trial court's revocation of his authorization to write bonds in the Criminal Courts of the Thirtieth Judicial District.[1]  In both of these cases, the trial court determined that the Petitioners' restoration of citizenship rights following their felony convictions did not remove the civil disability preventing them from serving as a bondsman or bondsman's agent.  On appeal, the Petitioners argue that they are entitled to serve as bond agents pursuant to Attorney General Opinion 04-143.  Upon review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Michael J. Gatlin, Memphis, Tennessee, for the Petitioner-Appellants, Tony Cox and Samuel R. Brisco.

---

[1] Although Cheryl D. Gray's authorization to write bonds was revoked at the same time that Brisco's authorization was revoked, Gray did not appeal the trial court's decision.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Thomas D. Henderson, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

## FACTS

On June 29, 2010, Memphis Bonding Company filed a petition to have Tony Cox approved as a bond agent to write cash bonds in the Criminal Courts of the Thirtieth Judicial District. The petition asserted that although Tony Cox was a convicted felon, he had successfully obtained a restoration of his citizenship rights in 1998 and, therefore, was qualified to write bonds pursuant to Attorney General Opinion 04-143. See Op. Tenn. Atty. Gen. No. 04-143 (Sept. 1, 2004).

On October 14, 2010, the State filed a Memorandum of Authorities contending that convicted felons are not authorized to serve as bondsmen or bondsmen's agents, even after a restoration of citizenship rights. Citing Tennessee Code Annotated section 40-11-128, the State argued that a convicted felon is clearly prohibited from being a bondsman or bondsman's agent. Moreover, the State argued that the conclusion reached by the Attorney General in opinion 04-143, namely "that restoration of 'citizenship' rights would reinstate the right to derive benefit from the execution from bail bonds[,]" was incorrect. Finally, relying on State v. Johnson, 79 S.W.3d 522 (Tenn. 2002), the State argued that a convicted felon is prohibited from serving as a bondsman or bondsman's agent because no specific restoration statute exists in the code for this disability and because the language in code section 40-11-128 is "unambiguous." The court held a hearing on this petition on October 14, 2010.

At the hearing, Cox testified that he entered guilty pleas in 1991 to three counts of possession of a controlled substance with the intent to manufacture, deliver, or sell and one count of driving on a revoked license. He also stated that he entered a guilty plea in 1995 to a fourth count of possession of a controlled substance with the intent to manufacture, deliver, or sell. During the hearing, Cox's attorney informed the court that another criminal court judge in Shelby County had recently approved Cheryl D. Gray and Samuel R. Brisco as bond agents, both of whom were convicted felons who had obtained a restoration of their citizenship rights.

On November 5, 2010, the Criminal Court of Shelby County, sitting en banc, entered an order denying Cox's application to qualify as a bondsman's agent based on code section 40-11-128 and State v. Johnson, 79 S.W.3d 522 (Tenn. 2002). The court reasoned that it

would not authorize Cox to serve in such a capacity, even if it were statutorily permissible for a convicted felon to serve as a bondsman or bondsman's agent following a restoration of citizenship rights, because he had participated in the drug trade in that district. Petitioner Cox filed a timely notice of appeal.

On December 3, 2010, the State of Tennessee filed a petition requesting the criminal court to order Cheryl D. Gray and Samuel R. Brisco to show cause why their authority to write bonds in Shelby County should not be terminated. The State noted that although Gray and Brisco were convicted felons, they had received a restoration of their citizenship rights and had been granted authorization pursuant to an order from an individual Shelby County criminal court, rather than the Criminal Court of Shelby County, sitting en banc. The State argued that this ruling was at odds with the court's later order, sitting en banc, denying Tony Cox's application to qualify as a bondsman's agent on the basis that he was a convicted felon, despite the fact that his citizenship rights had been restored. Petitioner Brisco filed a motion to dismiss the State's show cause petition on the ground that the State failed to appeal the order authorizing him to write bonds. On February 22, 2011, the court, sitting en banc, conducted a hearing on the show cause petition. During this hearing, the State asked the court to remedy the fact that Gray and Brisco had been authorized to write bonds while Cox was denied the authority to write bonds, given that Gray, Brisco, and Cox were all convicted felons who had obtained a restoration of their citizenship rights.

On March 7, 2011, the Criminal Court of Shelby County, sitting en banc, entered an order revoking Gray's and Brisco's authorization to write bonds on the basis that they were convicted felons. The court held:

> It has been, and remains, the opinion of the Criminal Court of the Thirtieth Judicial District, en banc, that a person's conviction for a felony offense makes them specifically ineligible to write bonds. This is not a matter for case by case [sic] review. Like police, sheriffs, clerks, jailers and others, the possession of "full citizenship rights" does not equate to the authority to write bonds. This Court rules that the statutory provisions of [Tennessee Code Annotated section] 40-11-128 are clear and unambiguous and that "convicted felons" may not write bonds whether or not their citizenship [rights have] been restored. We remain unpersuaded by the Opinion of the Attorney General dated September 1, 2004 (Opinion No. 04-143)[.] [Tennessee Code Annotated section] 40-11-128 does not specifically provide [for the] restoration of the right to serve as a bail bondsman. State v. Johnson, 79 S.W.3d 522 (Tenn. 2002).

Petitioner Brisco filed a timely notice of appeal.

On April 12, 2011, the Tennessee Court of Criminal Appeals granted Petitioner Cox's motion to consolidate his appeal with Petitioner Brisco's appeal on the basis that the cases involved a common issue, that is, whether a convicted felon is qualified to serve as an agent of a bondsman in the State of Tennessee.

**ANALYSIS**

**I. Inadequacy of the Petitioners' Brief.** The State argues that the Petitioners' brief should be stricken because it failed to comply with the Tennessee Rules of Appellate Procedure. Specifically, the State contends that the brief failed to provide a statement of the issues, the applicable standard of review, and a detailed statement of the case, including the nature of the case, a synopsis of the underlying proceedings, and the disposition of the trial court. Moreover, the State asserts that the Petitioners' brief failed to cite to specific portions of the record and referred to facts outside the record and contends that the Petitioners have waived their issue on appeal for failing to cite to relevant sections of the record.

"Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. Ct. Crim. App. R. 10(b). Failure to comply with this basic rule will ordinarily constitute a waiver of the issue. State v. Hammons, 737 S.W.2d 549, 552 (Tenn. Crim. App. 1987). In addition, Tennessee Rule of Appellate Procedure 27 provides that an appellant's brief must contain, among other requirements, a statement of the issues presented for review; a statement of the case, including the nature of the case, the course of proceedings, and the lower court's disposition; a statement of facts, specifying the facts relevant to the issues presented for review along with appropriate references to the record; a statement of the applicable standard of review; and arguments containing citations to authorities and references to the record. Tenn. R. App. P. 27(a). Moreover, if a brief fails to comply with the Tennessee Rules of Appellate Procedure, this court may strike the brief, require a new brief to be filed within a fixed period of time, and impose costs to the offending party responsible for the brief. Tenn. Ct. Crim. App. R. 10(a). Although we agree that the Petitioners' brief is inadequate in several respects, we will nevertheless address the Petitioners' issue on appeal.

**II. Order Denying Cox's Application to Qualify as a Bondsman's Agent and Order Revoking Brisco's Authorization to Write Bonds.** Petitioner Cox argues that the trial court erred in denying his application to qualify as a bondsman's agent, and Petitioner Brisco argues that the trial court erred in revoking his authorization to write bonds. In response, the State argues that the trial court properly denied the Petitioners the authority to act as bond agents. Specifically, the State argues that, because there is no procedure for restoring the disability preventing convicted felons from serving as bond agents in the code and because there is no statement in code section 40-11-128 that a restoration of citizenship

rights removes this disability, the General Assembly has clearly and unambiguously intended that the disqualification preventing a convicted felon from serving as a bondsman or bondsman's agent is a specific disability that cannot be remedied by a restoration of citizenship rights. We agree with the State.

This court must review a trial court's denial of a bond agent's application or revocation of authority to act as a bond agent under a de novo standard of review. T.C.A. § 40-11-125(d). Under this de novo standard, "'the parties are entitled to a reexamination of the whole matter of law and fact.'" State v. Cunningham, 972 S.W.2d 16, 18 (Tenn. Crim. App. 1998) (quoting Richards v. Taylor, 926 S.W.2d 569, 570 (Tenn. Ct. App. 1996)).

We initially recognize that "Tennessee has 'specific disability statutes,' which 'designate a particular civil disability that occurs upon the conviction and remains in effect throughout the defendant's life unless restored by a specific statutory procedure.'" Johnson, 79 S.W.3d at 527 (quoting Cole v. Campbell, 968 S.W.2d 274, 276 (Tenn. 1998)). Examples of specific disability statutes include the following: the loss of the right to serve as a juror, see T.C.A. § 22-1-102; the loss of the right to serve as a bondsman or bondsman's agent, see id. § 40-11-128; the loss of the right to vote, see id. § 40-20-112; the loss of the right to seek election to or hold public office, see id. § 40-20-114; and the loss of the right to serve as a fiduciary, see id. § 40-20-115.

The code provides a procedure through which "[p]ersons rendered infamous or deprived of the rights of citizenship by the judgment of any state or federal court may have their full rights of citizenship restored by the circuit court." Id. § 40-29-101 (emphasis added). There is no "absolute right to the restoration of the full rights of citizenship even upon satisfying the requirements in [Tennessee Code Annotated section] 40-29-101, et seq." Johnson, 79 S.W.3d at 527. Rather, the restoration of the rights of citizenship is subject to the requirements and limitations imposed by the General Assembly. Id. (footnote omitted).

The Petitioners argue that they are entitled to relief pursuant to Attorney General Opinion 04-143, issued on September 1, 2004, which states, "It is the opinion of this office that [Tennessee Code Annotated section] 40-11-128 disqualifies a convicted felon from serving as an agent for a professional bail bondsman, unless his rights of citizenship are restored pursuant to [Tennessee Code Annotated section] 40-29-101 et seq." Op. Tenn. Atty. Gen. No. 04-143 (Sept. 1, 2004). The State responds that the Petitioners' reliance on this opinion is misplaced because opinion 04-143 has been "implicitly superseded by" Attorney General Opinion 06-045, issued on March 10, 2006, which considered whether a convicted felon whose citizenship rights have been restored is qualified to serve as a police officer. Op. Tenn. Atty. Gen. No. 06-045 (Mar. 10, 2006). Opinion 06-045 states, "A person with a felony conviction is disqualified from employment as a police officer under [Tennessee Code

Annotated section] 38-8-106(4)." Id. It adds, "The fact that such a person's citizenship rights were restored pursuant to court order does not erase the fact of the conviction to otherwise qualify a person for such employment." Id. Likening the disqualification provision in code section 38-8-106, which prohibited a convicted felon from serving as a police officer, with the disqualification provision in code section 40-11-128, which prohibited a convicted felon from serving as a bondsman or bondsman's agent, the State argues that nothing in code sections 38-8-106 or 40-11-128 or in code sections 40-29-101 to -105, regarding the restoration of citizenship rights, provides an exception for individuals whose citizenship rights have been restored. The State, therefore, concludes that Opinion 04-143 is inconsistent with the reasoning in Opinion 06-045. Moreover, the State concludes that Opinion 04-143 is inconsistent with Opinion 91-65, issued on July 3, 1991, which states that "a person who has been convicted of a felony may not serve as a surety individually or as an agent for a professional bonding company pursuant to [Tennessee Code Annotated section] 40-11-128." Op. Tenn. Atty. Gen. No. 91-65 (July 3, 1991).

We note that "[a]lthough opinions of the Attorney General are useful in advising parties as to a recommended course of action and to avoid litigation, they are not binding authority for legal conclusions, and courts are not required or obliged to follow them." Washington Cnty. Bd. of Educ. v. MarketAmerica, Inc., 693 S.W.2d 344, 348 (Tenn. 1985); State v. Blanchard, 100 S.W.3d 226, 230 (Tenn. Crim. App. 2002) ("[O]pinions of the state attorney general are merely advisory and do not constitute legal authority binding on this Court."); H & R Block Eastern Tax Services, Inc. v. State of Tennessee, Dep't. of Commerce and Ins., Div. of Ins., 267 S.W.3d 848, 861 (Tenn. Ct. App. 2008) ("Attorney General opinions are particularly persuasive when they have been consistently repeated."). Because Tennessee law provides sufficient guidance on this issue and because the opinions of the Attorney General on this issue have been inconsistent, we will base our decision on the Tennessee Code Annotated and case law precedent.

We agree with the State that Tennessee law precludes a convicted felon from serving as a bond agent and provides no procedure for restoring this disability. Tennessee Code Annotated section 40-11-128 clearly prohibits convicted felons from serving as bond agents:

> The following persons or classes shall not be bail bondsmen or agents of bail bondsmen or surety companies and shall not directly or indirectly receive any benefits from the execution of any bail bond: jailers, attorneys, police officers, convicted felons, committing magistrates, municipal or magistrate court judges, clerks or deputy clerks, sheriffs, deputy sheriffs and constables, and any person having the power to arrest or having anything to do with the control of federal, state, county or municipal prisoners.

Significantly, code section 40-11-128 fails to provide an exception for convicted felons who have had their citizenship rights restored. Cf. id. § 40-20-114 (statute preventing a convicted felon from holding public office also provides that this particular civil disability can be restored by obtaining a restoration of citizenship rights). We conclude that the language in code section 40-11-128 shows that the General Assembly intended to prohibit a convicted felon from serving as a bondsman or bondsman's agent. Accordingly, "we rely on the plain statutory language" of code section 40-11-128 in concluding that convicted felons are precluded from serving as a bondsman or bondsman's agent. Johnson, 79 S.W.3d at 526; Browder v. Morris, 975 S.W.2d 308, 311 (Tenn. 1998) ("Where words of the statute are clear and plain and fully express the legislature's intent, there is no room to resort to auxiliary rules of construction . . . , and we need only enforce the statute as written[.]" (internal citations omitted)).

We also agree that no separate statute exists restoring this particular civil disability, despite the fact that the General Assembly has specifically restored other disabilities by separate statute. See T.C.A. §§ 39-17-1351(j)(3) (stating that a restoration of citizenship rights pursuant to sections 40-29-101 et seq. will enable certain convicted felons to obtain a handgun carry permit), 40-29-202 (establishing a procedure to restore a convicted felon's right to vote). Significantly, the General Assembly has not seen fit to provide a separate procedure for restoring the civil disability preventing a convicted felon from serving as a bondsman or bondsman's agent.

In fact, unlike the specific disability statutes that refer to the loss of the right to vote or hold public office, the disability preventing a convicted felon from serving as a bondsman or bondsman's agent as stated in code section 40-11-128 is most akin to the disability preventing a convicted felon from serving as a police officer or sheriff. See id. §§ 38-8-106 (disqualifying a convicted felon from serving as a police officer), 8-8-102 (disqualifying a convicted felon from election or appointment to the office of sheriff). In the aforementioned statutes, an individual is specifically disqualified from serving as a police officer, sheriff, bondsman, or bondsman's agent because he or she is a convicted felon. In each of these situations, there is no procedure for restoring the disability in the statute itself and no separate statute restoring the disability.

The State acknowledges that the Petitioners' issue, that is, whether serving as a bond agent is a "right of citizenship," is one of first impression in Tennessee. Unfortunately, the Tennessee Code Annotated does not delineate the specific rights restored following a restoration of full citizenship rights. Compare id. §§ 40-29-101 to -105 (establishing procedure for restoration of full rights of citizenship), with State v. John Edward Johnson, Jr., No. W2000-01986-CCA-R3-CD, 2001 WL 282571, at *3 n.4 (Tenn. Crim. App., at Jackson, Mar. 22, 2001) (Hayes, J., dissenting) (stating that "[t]he 'rights of citizenship' are

dictated by statute and have been customarily limited to the right to vote, the right to serve on a jury, and the right to hold public office.") (citing <u>United States v. Meeks</u>, 987 F.2d 575, 578 (9th Cir. 1993); <u>U.S. v. Cassidy</u>, 899 F.2d 543, 549 (6th Cir. 1990); <u>Barry v. State</u>, 925 P.2d 255, 257 (Alaska Ct. App. 1996); <u>State v. Donnis Derouin</u>, 778 So.2d 1186, 1189 (La. Ct. App. 2001)), <u>rev'd</u>, 79 S.W.3d 522 (Tenn. 2002). Despite the code's failure to delineate these rights, we conclude that the disability preventing a convicted felon from serving as a bondsman or bondsman's agent cannot be restored by a restoration of citizenship rights. In reaching this conclusion, we note that although the right to vote, the right to seek election for and hold a public office, and the right of certain convicted felons to obtain a handgun carry permit have been restored in the code, no such restoration exists regarding the disability related to serving as a bondsman or bondsman's agent. <u>See</u> T.C.A. §§ 40-29-202, 40-20-114, 39-17-1351. Upon review, we conclude that the General Assembly intended for a convicted felon to be prevented from serving as a bondsman or bondsman's agent, even following a restoration of citizenship rights pursuant to Tennessee Code Annotated sections 40-29-101 to -105. Accordingly, the judgments of the trial court are affirmed.

## CONCLUSION

The Petitioners are not entitled to relief. We affirm the judgments of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE