IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
December 18, 2013 Session

**IN RE: FREE "U" BONDS, INC. AND PHILLIP COLE HATMAKER**

**Direct Appeal from the Criminal Court for Campbell County**
**No. 10779      E. Shayne Sexton, Judge**

**No. E2013-00782-CCA-R3-CO - Filed March 19, 2014**

The appellants, Free "U" Bail Bonds, Inc. and Phillip Cole Hatmaker, appeal the Campbell County Circuit Court's revocation of a convicted felon's ability to act as a bail bondsman. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ROGER A. PAGE, J., joined.

Wesley L. Hatmaker, Jacksboro, Tennessee, for the appellants, Free "U" Bail Bonds, Inc. and Phillip Cole Hatmaker.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; Lori Phillips-Jones, District Attorney General; and Michael O. Ripley, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

The record reflects that on May 11, 2011, Free "U" Bail Bonds filed a motion seeking the trial court's approval for Phillip Cole Hatmaker to write bail bonds for the Eighth Judicial District of Tennessee.  In the motion, Free "U" Bail Bonds acknowledged that "Phillip Cole Hatmaker has been convicted of a felony but not any offense involving moral turpitude.  That Phillip Cole Hatmaker's rights [of citizenship] have been restored."  Specifically, the record reflects that on July 8, 1998, Hatmaker was convicted in the Knox County Criminal Court of possession of more than ten pounds of marijuana with the intent to sell, a Class D felony. The State filed an answer opposing the motion because of Hatmaker's felony conviction.

Afterward, a hearing was held, and evidence was presented. On May 23, 2011, the trial court authorized Hatmaker to write bail bonds for the district. As authority for its decision, the trial court cited Attorney General Opinion 04-143, which states that a convicted felon may be authorized to act as a bondsman if his or her rights of citizenship have been restored.

Thereafter, on August 20, 2012, this court released In re Cox, 389 S.W.3d 794 (Tenn. Crim. App. 2012), which held that a convicted felon could not serve as a bondsman even though the felon's rights of citizenship had been restored. On October 23, 2012, the State filed a petition to revoke the order authorizing Hatmaker to act as a bond agent, citing In re Cox. At the hearing on the petition, Free "U" Bail Bonds asserted that the State did not appeal the 2011 order granting Hatmaker authorization to operate as a bail bondsman and that the State was attempting to collaterally attack a final order. In response, the State argued that the petition was "not an appeal issue" because a bondsman's status was subject to change by the trial court at any time.

The trial court noted that its decision to approve Hatmaker was based upon the Attorney General's Opinion. The court, however, noted that In re Cox was "dead on point, that a person who has been convicted of a felony cannot make – cannot become a bonding agent regardless of restoration of citizenship." The court stated that it was bound by In re Cox and reluctantly revoked the appellant's bonding privileges.

On appeal, Free "U" Bail Bonds and Hatmaker challenge the trial court's ruling, again arguing that the State's petition to revoke Hatmaker's bonding privileges was an impermissible collateral attack on the trial court's 2011 order, which became final approximately sixteen months before the State filed the petition to revoke.

## II. Analysis

A trial court is imbued with the full authority to determine whether a person is qualified to make bonds within its court. See Gilbreath v. Ferguson, 260 S.W.2d 276, 278 (Tenn. 1953). To this end, a trial court is given wide discretion in regulating bail bondsmen, and we will not overturn its regulations so long as they are not "capricious, arbitrary, or solely without basis of right." Taylor v. Waddey, 334 S.W.2d 733, 736 (Tenn. 1960); see also In re Int'l Fid. Ins. Co., 989 S.W.2d 726, 728 (Tenn. Crim. App. 1998). This court will review a trial court's denial of a bondsman's revocation of authority to act as a bondsman under a de novo standard of review. Tenn. Code Ann. § 40-11-125(d); see also In re Cox, 389 S.W.3d 794, 798 (Tenn. Crim. App. 2012).

Initially, we note that "Tennessee has specific disability statutes, which designate a particular civil disability that occurs upon [a felony] conviction and remains in effect

throughout the defendant's life unless restored by a specific statutory procedure." State v. Johnson, 79 S.W.3d 522, 527 (Tenn. 2002) (internal quotations and citation omitted); see also Tenn. Code Ann. § 40-29-101, *et. seq.* (providing the general procedure by which a convicted felon may have their rights of citizenship restored). On September 1, 2004, Attorney General Opinion 04-143 was issued, stating that "[i]t is the opinion of this office that [Tennessee Code Annotated section] 40-11-128 disqualifies a convicted felon from serving as an agent for a professional bail bondsman, unless his rights of citizenship are restored pursuant to [Tennessee Code Annotated section] 40-29-101 *et. seq.*'" Our supreme court has held that while Attorney General Opinions are not binding, they are "entitled to considerable deference." State v. Black, 897 S.W.2d 680, 683 (Tenn. 1995); see also In re Cumberland Bail Bonding Co., No. E2012-02556-CCA-R3-CO, 2013 WL 4734801, at *5 (Tenn. Crim. App. at Knoxville, Sept. 3, 2013).

In Cox, this court explained that Tennessee Code Annotated section 40-11-128 specifically provides that a convicted felon may not be a bondsman or a bondsman's agent and that the statute "fails to provide an exception for convicted felons who have had their citizenship rights restored." In re Cox, 389 S.W.3d at 800. This court held, accordingly, "that the General Assembly intended for a convicted felon to be prevented from serving as a bondsman or bondsman's agent, even following a restoration of citizenship rights pursuant to Tennessee Code Annotated sections 40-29-101 to -105." Id. at 801. It is well-established that "the published opinions of the intermediate appellate courts are opinions which have precedential value and may be relied upon by the bench and bar of this state as representing the present state of the law with the same confidence and reliability as the published opinions of [our supreme court], so long as either are not overruled or modified by subsequent decisions." Meadows v. State, 849 S.W.2d 748, 752 (Tenn. 1993).

Free "U" Bail Bonds complains that the State's petition to revoke Hatmaker's bonding privileges was an impermissible collateral attack upon the trial court's 2011 order granting those privileges. The appellant has cited no authority in support of the position that the State's petition was a collateral attack, and we can find none. See John DeWitt McDowell v. State, No. 02C01-9201-CR-00023, 1993 WL 220408, at *5 n.1 (Tenn. Crim. App. at Jackson, June 23, 1993) (stating that "a collateral attack [i]s one in which a party seeks to deprive a judgment of its normal force and effect in a proceeding that had an independent purpose other than to overturn the prior judgment"); see also Black's Law Dictionary 255 (7th ed. 1999). Our code does not limit when the State may file a motion to revoke a bondsman's privilege to issue bonds. See Tenn. Code Ann. § 40-11-127 ("Upon motion, any district attorney general may prefer charges to have a bail bondsman stricken from the approved list pursuant to § 40-11-125 with the same provisions for notice, answer and hearing before the court, and the same right of appeal."). We understand the trial court's reluctance; however, we can discern no impropriety by the State's filing a petition for the

revocation of Hatmaker's bonding privileges pursuant to <u>In re Cox</u>. Additionally, we conclude that the trial court did not abuse its discretion by revoking Hatmaker's bonding privileges.

### III.  Conclusion

Based upon the record and the parties' briefs, the judgment of the trial court is affirmed.

_____
NORMA McGEE OGLE, JUDGE